UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KENNETH PERKINS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:14 CV 1505 CDP |
| DAVID SCHMITT, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner Kenneth Perkins is civilly committed in the custody of the Missouri Department of Mental Health, having been found by a jury to be a sexually violent predator under Missouri's Sexually Violent Predator Act, Mo. Rev. Stat. §§ 632.480, *et seq.* He brings this petition for writ of habeas corpus under 28 U.S.C. § 2254, arguing that his judgment and commitment under the Act was unconstitutionally obtained. I will deny the petition.

### Procedural Background

On June 22, 2004, Perkins pled guilty to one count of child molestation first degree. He received a suspended imposition of sentence and was placed on supervised probation for three years. Perkins' probation was revoked on April 15, 2005, and he was sentenced to five years' imprisonment.

Prior to Perkins' scheduled release in March 2010, the State petitioned the

Circuit Court of Dent County, Missouri, to civilly commit Perkins as a sexually violent predator (SVP) under the Act. (Resp. Exh. B at 14-16.) The matter went to trial and, in November 2012, a Dent County jury found Perkins to be an SVP. The court entered judgment on November 7, 2012, and Perkins was committed to the custody of the Missouri Department of Mental Health.[1] The Missouri Court of Appeals affirmed this judgment and commitment on August 13, 2014. (Resp. Exh. E.)

Perkins signed this federal habeas petition on August 19, 2014, and deposited it in the prison mailing system that same date. The petition was received by this Court and filed on September 2, 2014.

**Grounds for Relief**

In his original petition for writ of habeas corpus, Perkins raises two grounds for relief: 1) that there was insufficient evidence for the jury to find that he met the statutory definition of an SVP, and 2) that the State attorney's closing argument violated his right to due process. In February 2015, Perkins raised an additional claim that the Act is overbroad in that it wrongfully permits first offenders to be adjudged an SVP without providing them an opportunity to demonstrate that intervention would deter re-offending (*see* ECF #14).

In response, respondent argues that I should defer to the decision of the

---

[1] Perkins is currently committed to the Sex Offender Rehabilitation and Treatment Service program at the Sexual Offender Treatment Center in Farmington, Missouri.

Missouri Court of Appeals and find the claims raised in Perkins' original petition to be without merit. Respondent has not addressed Perkins' additional claim.

**Standard of Review**

Federal habeas review is available to challenge a State court order of civil commitment, even though the order was not the result of a criminal conviction. *Duncan v. Walker*, 533 U.S. 167, 176 (2001). Courts have regularly reviewed civil commitment proceedings relating to the involuntary commitment of sex offenders under State statutes, s*ee Poole v. Goodno,* 335 F.3d 705 (8th Cir. 2003); *Linehan v. Milczark,* 315 F.3d 920 (8th Cir. 2003), and this Court has applied habeas corpus analysis to claims challenging civil commitments under Missouri's Sexually Violent Predator Act. *See, e.g., Fogle v. Blake,* 4:06 CV 900 RWS (AGF), 2006 WL 3469613 (E.D. Mo. Nov. 29, 2006), *adopted by*, 2006 WL 3792627 (E.D. Mo. Dec. 20, 2006); *Jones v. Blake*, No. 4:06 CV 402 ERW (DDN), 2008 WL 4820788 (E.D. Mo. Nov. 5, 2008).

In order to obtain federal habeas review of a claim raised in a § 2254 petition, the petitioner must have first raised the federal constitutional dimensions of the claim in State court in accordance with State procedural rules. *Duncan v. Henry,* 513 U.S. 364 (1995) (per curiam); *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoting *Gilmore v. Armontrout,* 861 F.2d 1061, 1065 (8th Cir. 1988)). If the petitioner failed to properly present the claim in State court, and no

adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Martinez v. Ryan*, 566 U.S. 1, 10-11 (2012).

Where the State court adjudicated a claim on the merits, federal habeas relief can be granted on the claim only if the State court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). *See Williams v. Taylor*, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's State conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. *Id.* at 380-83.

A State court's decision is "contrary to" clearly established Supreme Court precedent when it is opposite to the Supreme Court's conclusion on a question of law or different than the Supreme Court's conclusion on a set of materially

indistinguishable facts.  *Williams*, 529 U.S. at 412-13; *Carter v. Kemna*, 255 F.3d 589, 591 (8th Cir. 2001).  A State court's decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Williams*, 529 U.S. at 413.  Merely erroneous or incorrect application of clearly established federal law does not suffice to support a grant of habeas relief.  Instead, the State court's application of the law must be objectively unreasonable.  *Id.* at 409-11; *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011).  Finally, when reviewing whether a State court decision involves an "unreasonable determination of the facts" in light of the evidence presented in the State court proceedings, a federal court must presume that State court findings of basic, primary, or historical facts are correct unless the petitioner rebuts the presumption with clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Rice v. Collins*, 546 U.S. 333, 338-39 (2006); *Collier v. Norris*, 485 F.3d 415, 423 (8th Cir. 2007).  Erroneous findings of fact do not *ipso facto* ensure the grant of habeas relief.  Instead, the determination of these facts must be unreasonable in light of the evidence of record.  *Collier*, 485 F.3d at 423; *Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001).

I am "bound by the AEDPA [Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions."

*Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). To obtain habeas relief, Perkins must show that the challenged State court ruling "rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Metrish v. Lancaster*, 569 U.S. 351, ___, 133 S. Ct. 1781, 1786-87 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). This standard is difficult to meet. *Metrish*, 133 S. Ct. at 1786.

### Ground 1 – Sufficiency of the Evidence

In his first ground for relief, Perkins claims that the evidence was insufficient to support the jury's finding that he met the definition of an SVP under the Act. Perkins bases this challenge on allegedly inadmissible documents, which he claims were: 1) relied upon by the psychological expert to support his opinion that Perkins suffered from a mental abnormality that caused him great difficulty controlling his behavior, and 2) improperly used to impeach Perkins' trial testimony. Perkins argues that because the documents themselves were inadmissible, they should not have been used to present other evidence to the jury, whether through expert testimony or challenges to Perkins' own testimony. Perkins argues that without the evidence adduced from the use of these documents, there would have been insufficient evidence from which a jury could find that he met the statutory criteria of an SVP.

This claim is not cognizable in this federal habeas proceeding. It is well

settled that evidentiary issues in State court proceedings are matters of State law and are not reviewable in federal habeas proceedings. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Sweet v. Delo*, 125 F.3d 1144, 1154 (8th Cir. 1997). While Perkins couches his claim as one of due process by challenging the sufficiency of the evidence, I cannot determine the substance of his claim without deciding that the expert's opinion or the challenged impeachment evidence was inadmissible at trial. "This [I] cannot do." *Sweet*, 125 F.3d at 1154.

Accordingly, federal habeas relief is unavailable to Perkins on this claim. *Sweet*, 125 F.3d at 1154.[2]

### Ground 2 – Prosecutorial Misconduct / Closing Argument

In his second ground for relief, Perkins claims that he was denied due process when, during closing argument, the State improperly focused on the effect

---

[2] Even if the claim were cognizable in this proceeding, it appears to be procedurally defaulted. In State court, Perkins challenged the sufficiency of the evidence on appeal of his judgment and commitment but relied on a different factual basis than that raised here. On appeal, Perkins argued that the psychological expert's testimony itself – as presented to the jury – did not support a finding that he met the criteria of being a sexually violent predator. (*See* Resp. Exh. C at 19-29.) In this habeas petition, however, Perkins argues that the expert's opinion should not have been admitted *at all* at trial because of the underlying evidentiary issues relating to the documents he reviewed, and that without the expert's testimony there would have been insufficient evidence to support a finding that he met the SVP criteria. He also raises additional facts regarding his own impeachment that were not raised in State court. In order to avoid procedural default, a claim in State court must contain the same factual grounds as asserted in the federal habeas petition. *Palmer v. Clarke*, 408 F.3d 423, 430 (8th Cir. 2005); *Forest v. Delo*, 52 F.3d 716, 719 (8th Cir. 1995). *See also see Ward v. Norris*, 577 F.3d 925, 935-36 (8th Cir. 2009) (federal habeas claim cannot be based on different facts than those presented to the State court). Because Perkins' claim on appeal in State court did not contain the same factual bases as presented here, it would appear that the claim raised in this habeas petition, if cognizable, would be barred from review.

his conduct had on the victims rather than on whether the evidence showed him to meet the SVP criteria. Perkins raised this claim on appeal of his judgment and commitment. Upon review of the merits of the claim, the Missouri Court of Appeals denied relief. I therefore turn to the merits of this claim, exercising limited and deferential review of the underlying State court decision as required by the AEDPA.

In determining whether the State's closing argument violated Perkins' constitutional rights, the pertinent inquiry is "whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright,* 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 643 (1974)). The test applied to determine whether error makes a trial fundamentally unfair is whether there is a reasonable probability that the verdict might have been different had the error not occurred. *Lisenba v. California*, 314 U.S. 219, 236 (1941); *Hamilton v. Nix*, 809 F.2d 463, 470 (8th Cir. 1987). I may grant Perkins habeas relief only if "the prosecutor's closing argument was so inflammatory and so outrageous that any reasonable trial judge would have *sua sponte* declared a mistrial." *James v. Bowersox*, 187 F.3d 866, 869 (8th Cir. 1999). With "the strict due process standard of constitutional review, the deferential review mandated by the AEDPA, and [this Court's] less reliable vantage point for gauging the impact of closing

argument on the overall fairness of a trial," my review of whether the State's closing argument violated Perkins' right to due process is "exceptionally limited." *Id.; see also Sublett v. Dormire*, 217 F.3d 598, 600 (8th Cir. 2000).

During closing argument, Perkins' counsel made the following argument to the jury:

> You heard Kenny testify about every humiliating thing that he did and that he admitted to. And that, what he was honest about, is now being held against him.
>
> Was honesty the best policy for Kenny? Was honesty really the best policy for him when he came in and cooperated with law enforcement and said exactly what he'd done? When he got placed on probation and told about the dog, that was honest. Was that really the best policy for him?

(Resp. Exh. E, Mo. Ct. App. Statement at 3, n.1.) During its rebuttal closing, the State attorney responded:

> He wants to complain that this is what he gets for being honest? Like we're supposed to pat him on the back because he's been forthcoming about all the disgusting things he's done with children? Honesty is good because it helps us decide what to do with Kenneth Perkins, and it was good because it helps the victims get the help that they need after ---

(*Id.*) Defense counsel objected to the State attorney's reference to the victims getting help, arguing that it was prejudicial, not relevant to the case, and argued facts not in evidence. (Resp. Exh. A at 364-65.) The trial court denied counsel's request for mistrial and instructed the State to "try and stay away from that." (*Id.* at 365-66.) The court also instructed the jury to "recall the evidence as it was

presented to them from testimony." (*Id.* at 366.)

The Missouri Court of Appeals denied Perkins' claim that the State's comment regarding the needs of the victims deprived him of due process. Noting that the comment was "one partial sentence interrupted by an objection," that the State then "stayed away" from the subject as instructed by the trial court, and that the trial court gave the jury a correcting instruction, the court of appeals determined that Perkins was not prejudiced by the comment or by the court's failure to grant a mistrial. (Resp. Exh. E at 3-4.) For the following reasons, this determination was neither contrary to nor an unreasonable application of clearly established federal law.

To decide whether improper argument violates due process, a reviewing court must consider "the type of prejudice that arose from the argument, what defense counsel did to minimize the prejudice, whether the jury received proper instructions, and whether there is a reasonable probability of a different . . . decision absent the improper argument." *Rodden v. Delo*, 143 F.3d 441, 446 (8th Cir. 1998) (citing *Darden*, 477 U.S. at 181). As summarized above, the Missouri Court of Appeals did that here. In view of the isolated and abbreviated nature of the State's challenged statement, when considered with the court's instruction to the jury that it must recall the evidence as presented to it at trial and the "jury's 'common sense ability to put aside a particular type of overzealous advocacy,'" it

cannot be said that the statement so infected the trial with unfairness that a reasonable probability exists that the verdict might have been different had the statement not been made. *Lisenba*, 314 U.S. at 236; *Sublett*, 217 F.3d at 601 (quoting *James*, 187 F.3d at 870).

Accordingly, under *Darden* and *Lisenba*, the Missouri Court of Appeals' determination to deny Perkins relief on this claim was not contrary to clearly established federal law, and the claim raised in Ground 2 of the petition is denied.

**Additional Claim – Constitutionality of Statute**

In his original habeas petition, deemed filed August 19, 2014, Perkins raised two claims of error that occurred during the course of his trial, as dismissed above. On February 9, 2015, he raised an additional claim that the Sexually Violent Predator Act is overbroad in that it wrongfully permits first offenders to be adjudged an SVP without providing them an opportunity to demonstrate that intervention would deter re-offending. Because this additional claim is untimely under the AEDPA, I cannot consider it.

As stated above, a challenge to civil commitment is properly brought by way of a petition for writ of habeas corpus under 28 U.S.C. § 2254. Under the AEDPA, § 2254 petitions must be filed within one year after the conclusion of direct review in State court. 28 U.S.C. § 2244(d)(1)(A). This one-year period of limitations applies to habeas petitions challenging a civil commitment. *Cf. Duncan*, 533 U.S.

at 176 (addressing § 2244(d)'s statute of limitations and federal habeas review of State court orders of civil commitments). *See Hawker v. Budz*, No. 10-20634-CIV, 2010 WL 4774650, at *4 (S.D. Fla. Sept. 30, 2010), *adopted by*, No. 10-20634-CIV, 2010 WL 4738537 (S.D. Fla. Nov. 16, 2010).

Any amendments to a timely filed habeas petition are likewise required to be filed within the AEDPA's one-year limitations period. *See United States v. Craycraft*, 167 F.3d 451, 456-57 (8th Cir. 1999) (addressing timeliness of amendments to motion to vacate under § 2255); *cf. McKay v. Purkett*, 255 F.3d 660 (8th Cir. 2001) (per curiam) (applying *Craycraft* analysis to proposed amendments to habeas petition filed under § 2254); *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999) (Congress intended to treat time limits in §§ 2254 and 2255 the same). Proposed amendments submitted beyond this one-year period may be considered and determined by the Court only if the amendments "relate back" to the claims raised in the timely filed original petition. *Craycraft*, 167 F.3d at 456-57; *McKay*, 255 F.3d at 661. To relate back, the claims raised in the proposed amendments must have arisen out of the same conduct, transaction, or occurrence from which the original claims arose. *Craycraft*, 167 F.3d at 457 (citing Fed. R. Civ. P. 15(c)); *McKay*, 255 F.3d at 661.

Where, as here, a habeas petitioner does not seek transfer to the State's highest court after direct appeal, his judgment becomes final upon expiration of the

time within which to seek such discretionary review, which, in Missouri, is fifteen days after the court of appeals issues its decision. *Gonzalez v. Thaler*, 565 U.S. 134 (2012); Mo. S. Ct. R. 83.02 (2013). Because the Missouri Court of Appeals issued its decision on August 13, 2013, Perkins had until August 28, 2013, to seek discretionary review from the Missouri Supreme Court. He did not do so. Accordingly, his judgment and commitment became final on August 28, 2013.

Perkins' original petition was timely filed because it was deposited into the prison mailing system on August 19, 2014,[3] which was within the one-year limitations period under the AEDPA. Perkins' additional claim, however, was not filed until February 2015. Because this new claim was submitted to the Court beyond the one-year period within which he could bring habeas claims, I may consider and determine the claim only if it "relates back" to the claims raised in the timely filed original petition. Perkins' new claim challenges the constitutionality of the statute under which his commitment was secured, which is a claim distinctly separate, in both time and type, from the deficiencies alleged in his original claims of trial error. Therefore, Perkins' additional claim does not relate back to his original petition and is untimely. Further, because Perkins sought no other review of his judgment and commitment (*see* Petn., ECF #1 at pp. 3-6), no tolling applies to the one-year period of limitations in this case. 28 U.S.C. § 2244(d)(2).

---

[3] *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (prison mailbox rule), *abrogated on other grounds, Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008).

Accordingly, because Perkins' additional claim was untimely filed, I cannot consider it. *See Craycraft*, 167 F.3d at 457; *see also United States v. Duffus*, 174 F.3d 333, 337-38 (3d Cir. 1999) (amendments introducing new theories on different facts are "simply not acceptable").

**Request for Hearing**

Finally, Perkins requests a hearing on the issues raised in this action. Because the existing record before the Court is sufficient to resolve Perkins' claims, I will deny his request. *Johnston v. Luebbers*, 288 F.3d 1048, 1060 (8th Cir. 2002).

**Certificate of Appealability**

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order denying habeas relief in a § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. 28 U.S.C. § 2253(c)(2); *see Tiedeman v. Benson,* 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997). I find that reasonable jurists could not differ on any of Perkins' claims, so I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Kenneth Perkins for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [1] is denied. His request for a hearing [18] is likewise denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue in this action because petitioner has not made a substantial showing of a denial of a constitutional right.

A separate Judgment is filed herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of September, 2017.